# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE CRAIG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M.D. BITER, Warden,<br><br>　　　　　Respondent. | 1:11-cv-02165 AWI MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. 11) |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Christopher J. Rench, Esq., of the Office of the Attorney General for the State of California.

**I.      BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, upon being convicted of possession of marijuana for sale and possession of firearm by a felon. (See Mot. to Dismiss, Ex. 1 at 2.) On December 6, 2002, pursuant to California Three-Strikes Law, Petitioner was sentenced to serve an indeterminate term of fifty years to life in prison. (Id.)

On August 10, 2008, Petitioner received a rules violation report for masturbation with indecent exposure that occurred on December 24, 2007. (Pet. at 51-52, ECF No. 1.) Petitioner was found guilty and was assessed a 90 day loss of good time credit. (Id.) A written copy of the decision was prepared and provided to Petitioner on August 15, 2008. (Id.) Petitioner challenges the disciplinary violation in the instant proceeding claiming that his due process rights were violated by prison officials failing to follow guidelines set forth by the Administrative Procedure Act. (Pet. at 5.)

Starting in April 11, 2010, Petitioner filed three post-conviction collateral challenges with respect to the administrative decision in the state courts, all petitions for writ of habeas corpus, as follows:

1.  Kings County Superior Court
    Filed: April 11, 2010[1];
    Denied: June 23, 2010;

2.  California Court of Appeal, Fifth Appellate District
    Filed: October 17, 2010[2];
    Denied: February 8, 2011;

3.  California Supreme Court
    Filed: May 11, 2011[3];
    Denied: October 19, 2011;

(See Mot. to Dismiss, Exs. 2-7.)

On December 7, 2011[4], Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On March 8, 2012, Respondent filed a Motion to Dismiss the petition as

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on April 19, 2010, pursuant to the mailbox rule the Court considers the petition filed on April 11, 2010, the date Petitioner signed the petition.

[2] Although the petition was filed on January 4, 2011, under the mailbox rule the Court will consider the petition filed on October 17, 2010, the date Petitioner signed the petition.

[3] Although the petition was filed on May 19, 2011, under the mailbox rule the Court will consider the petition filed on May 11, 2011, the date Petitioner signed the petition.

[4] Petitioner's federal petition was filed on December 30, 2011, under the mailbox rule the Court will consider the petition filed on December 7, 2011, the date Petitioner signed the petition.

being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d), and not legally cognizable by way of a federal habeas corpus petition. As of the date of this order, Petitioner has not filed a response to the motion to dismiss.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period and failure to state cognizable claims.  As Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on December 7, 2011, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the Petitioner's direct review became final. In a situation such as this where the Petitioner is challenging an administrative decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that § 2244(d)(1)(D) applies in the context of parole decisions and that the Board's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that the statute of limitation does not begin to run until a petitioner's administrative appeal has been denied).

Here, Petitioner is challenging the results of a disciplinary hearing regarding a rules

violation report held on August 10, 2008. (Pet. at 51-52.) A written copy of the decision was prepared and provided to Petitioner on August 15, 2008. (Id.) Petitioner attempted to administratively appeal the decision. Petitioner's administrative appeal process culminated with a February 4, 2009 response from the inmate appeals branch that his appeal was untimely and did not comply with procedures set forth by the California Code of Regulations. (Id.)

Therefore, the limitations period commenced on February 5, 2009, the day after Petitioner's third level appeal was denied. It is unclear if Petitioner's improperly filed administrative appeals should provide tolling of the date at which the statute of limitations period began. In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Supreme Court held that untimely filed state post-conviction or collateral petitions do not toll the statute of limitations period under 28 U.S.C. § 2244(d)(2). Pace, 544 U.S. at 410; see Sibley v. Culliver, 377 F.3d 1196, 1202-03 (11th Cir. 2004) (same). Here, the issue presented is whether untimely administrative appeals are considered to determine when the factual predicate is determined, and the statute of limitations commences under 28 U.S.C. § 2244(d)(1)(D). Such a determination is separate and distinct from tolling under 28 U.S.C. § 2244(d)(2).

District courts are split regarding this issue. See e.g., Webb v. Walker, 2008 U.S. Dist. LEXIS 85948 (E.D. Cal. Sept. 15, 2008) (untimely administrative appeal was not the triggering date for commencement of statute of limitations); Sandoval v. Woodford, 2009 U.S. Dist. LEXIS 4495 (E.D. Cal. Jan 22, 2009) (declining to decide if improperly filed administrative appeal altered the date the statute of limitations commenced); Hecker v. Hubbard, 2008 U.S. Dist. LEXIS 76126 (E.D. Cal. Aug. 27, 2009) (same); Yeng Xiong v. Adams, 2010 U.S. Dist. LEXIS 78525 (E.D. Cal. Aug. 3, 2010) (factual predicate occurred after final, improperly filed, administrative appeal was filed). Rather than parse which administrative appeal would constitute the factual predicate for commencing the running of the statute, the Court will afford Petitioner the greatest amount of latitude and apply the more liberal construction, construing the triggering date as the latest of the administrative appeal rejections. Accordingly, the Court shall consider the statute of limitations to commence upon receipt of the February 4, 2009

letter stating that his appeal was not properly filed. The limitations began running the next day, February 5, 2009. Under 28 U.S.C. § 2244(d), Petitioner had one year from that date, or until February 4, 2010, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As mentioned, Petitioner did not file his federal petition until December 7, 2011, more than nine months after the limitations period had expired. Absent any applicable tolling, the petition is untimely.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace, 544 U.S. 408; Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began on February 5, 2009. Petitioner failed to file any post-conviction collateral actions and the statute of limitations expired on February 4, 2010. State petitions filed after the expiration of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Accordingly, the limitations period began on February 5, 2009, and expired on February 4, 2010. The present petition was filed on December 7, 2011, over nine months after the

expiration of the year statute of limitations period. Accordingly, the instant federal petition is untimely.

### D.     Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

### E.     Failure to State Cognizable Claims

Respondent also asserts that Petitioner's claims are not cognizable by way of a federal habeas corpus petition. As the Petition is untimely, the Court shall not address the merits of such claims.

### III.   CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). While Petitioner is entitled to the benefit of statutory tolling, the petition was still not timely filed. Finally, Petitioner is not excused from timely filing due to equitable tolling. Based on the foregoing, the Court recommends that Respondent's Motion to Dismiss be granted.

### IV.    RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the Motion to Dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the assigned United States District

1  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
2  Local Rules of Practice for the United States District Court, Eastern District of California.
3  Within thirty (30) days after the date of service of this Findings and Recommendation, any
4  party may file written objections with the Court and serve a copy on all parties.  Such a
5  document should be captioned "Objections to Magistrate Judge's Findings and
6  Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)
7  days after service of the Objections.  The Finding and Recommendation will then be submitted
8  to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
9  (b)(1)(c).  The parties are advised that failure to file objections within the specified time may
10 waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th
11 Cir. 1991).

14 IT IS SO ORDERED.

15 Dated:   May 24, 2012         /s/ *Michael J. Seng*
           UNITED STATES MAGISTRATE JUDGE